# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**STEPHEN GUY MUEHLENDYCK,**

      **Plaintiff,**

**v.**                         **Case No. 8:19-cv-1664-T-36AAS**

**ANDREW SAUL, Commissioner,**
**Social Security Administration,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Stephen Guy Muehlendyck seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the parties' joint memorandum, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

## I.    PROCEDURAL HISTORY

Mr. Muehlendyck applied for a period of disability and DIB, alleging disability beginning on June 1, 2014. (Tr. 103, 183). Disability examiners denied Mr. Muehlendyck's application initially and after reconsideration. (Tr. 113, 119). Mr. Muehlendyck then requested a hearing before an ALJ and, on August 31, 2018, the ALJ found Mr. Muehlendyck not disabled. (Tr. 46–52).

1

The Appeals Council denied Mr. Muehlendyck's request for review, making the ALJ's decision final. (Tr. 1). Mr. Muehlendyck seeks judicial review of the Commissioner's final decision. (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    Background

Mr. Muehlendyck was sixty-one years old on his date last insured on March 31, 2016. (Tr. 51). Mr. Muehlendyck completed high school and has past work experience as a driver supervisor/fleet supervisor. (*Id.*).

### B.    Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. §§ 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent him from performing

---

[1] If the ALJ determines the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 404.1572.

past relevant work, he is not disabled.  § 404.1520(e).  At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3]  Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing other work in the national economy, he is not disabled.  § 404.1520(g).

The ALJ determined Mr. Muehlendyck engaged in no substantial gainful activity during the period from his alleged onset date of June 1, 2014, through his date last insured of March 31, 2016.  (Tr. 48).  The ALJ found Mr. Muehlendyck had these severe impairments: mild degenerative disc and joint disease; status post lower extremity fracture with Methicillin-resistant Staphylococcus (MRSA) infection; and diabetes mellitus.  (*Id.*).  Nonetheless, the ALJ found Mr. Muehlendyck's impairment or combination of impairments fail to meet or medically equal the severity of an impairment included in the Listings.  (Tr. 49).

The ALJ found Mr. Muehlendyck had an RFC to perform light work,[4]  excect he could not climb ladders, ropes, or scaffolds, nor work around hazards.  (*Id.*).  Based

---

[3]  A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations.  20 C.F.R. § 404.1545.

[4]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b).

3

on these findings, the ALJ determined Mr. Muehlendyck could perform his past relevant work as a driver supervisor. (Tr. 51). Thus, the ALJ found Mr. Muehlendyck not disabled from June 1, 2014, the alleged onset date, through March 31, 2016, the date last insured. (Tr. 52).

## III.   ANALYSIS

### A.   Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the

4

entire record to determine the reasonableness of the Commissioner's factual determinations).

**B.    Issues on Appeal**

Mr. Muehlendyck raises four issues on appeal.  First, Mr. Muehlendyck argues the ALJ failed to properly consider his alleged hearing impairment.  (Doc. 15, pp. 9–12).  Second, Mr. Muehlendyck argues the ALJ failed to properly consider his alleged cervical, lumbar, and knee impairments.  (*Id.* at pp. 12–14).  Third, Mr. Muehlendyck argues the ALJ erred in finding he could perform his past relevant work as a driver supervisor.  (*Id.* at pp. 19–22).  Fourth, Mr. Muehlendyck argues the ALJ improperly found he has transferrable skills to perform work.  (*Id.* at pp. 25–27).

**1.    Whether the ALJ properly considered Mr. Muehlendyck's alleged hearing impairment.**

Mr. Muehlendyck argues the ALJ failed to consider his alleged hearing loss and the opinion of the audiologist, Kimberly Miller, Au. D.  (Doc. 15, pp. 9–12).  The Commissioner responds the ALJ did not have to address Mr. Muehlendyck's alleged hearing impairment because he failed to raise it as a basis for his disability claim.  (*Id.* at p. 12).

Dr. Miller performed an audiology test on Mr. Muehlendyck.  (Tr. 1274–75).  Mr. Muehlendyck reported having progressive hearing problems because of four years of military noise exposure.  (Tr. 1274).  Dr. Miller's testing revealed moderately severe sensorineural hearing loss in the high frequencies.  (Tr. 1275).  Mr. Muehlendyck argues the ALJ failed to consider Dr. Miller's evaluation.  (Doc. 15, pp. 9–12).

5

The claimant has the burden of proving that he is disabled, and thus entitled to receive disability benefits. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The ALJ, though, has a basic duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam). This duty generally requires the ALJ to assist in gathering medical evidence and to order a consultative examination when such an evaluation is necessary to make an informed decision. 20 C.F.R. § 404.1512(b). This duty, however, does not require the ALJ to "scour the medical record searching for other impairments that might be disabling, either individually or in combination, that have not been identified by the claimant." *East v. Barnhart*, 197 F. App'x 899, 902 (11th Cir. 2006).[5] Thus, the Eleventh Circuit has routinely concluded that the ALJ has no duty to consider an impairment that the claimant did not allege to be disabling during the administrative process. *See Sullivan v. Comm'r of Soc. Sec.*, 694 F. App'x 670, 671 (11th Cir. 2017) (holding that the ALJ had no obligation to investigate a claim not presented during the application for benefits or offered at the hearing as a basis for disability); *Robinson v. Astrue*, 365 F. App'x 993, 995–96 (11th Cir. 2010) (same); *East*, 197 F. App'x at 902 (same); *Street v. Barnhart*, 133 F. App'x 621, 627–28 (11th Cir. 2005) (same).

Mr. Muehlendyck did not list a hearing impairment in his application for disability benefits, nor did he testify he suffered from any hearing impairments that would prevent him from working. (*See* Tr. 58–93, 210, 219, 227, 247–50). Further,

---

[5] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36–2.

Mr. Muehlendyck was represented, so the ALJ did not have a heightened duty to explore all relevant facts surrounding a disability claim.  *See, e.g., Brown v. Shalala*, 44 F.3d 931, 934–35 (11th Cir. 1995) (holding if claimant is not represented, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts."); *Scott v. Berryhill*, No. 16-CIV-23604-SIMONTON, 2018 WL 1570373, at \*19 (S.D. Fla. Mar. 29, 2018) (explaining "[t]he ALJ's duty to develop a full and fair record is heightened when the claimant is not represented by counsel in the administrative proceeding.").

Mr. Muehlendyck was represented by counsel at the hearing and hearing loss was not raised as a basis for disability.  The ALJ did not err.

### 2.    Whether the ALJ properly considered Mr. Muehlendyck's alleged cervical, lumbar, and knee impairments.

Mr. Muehlendyck argues the ALJ failed to properly consider his cervical, lumbar, and knee impairments.  (Doc. 15, pp. 12–14).  Specifically, Mr. Muehlendyck states the medical records show he has moderate or severe lumbar and cervical spine impairments.  (*Id.*).   In addition, Mr. Muehlendyck states a knee x-ray shows he suffers from moderate osteoarthritis.  (*Id.*).  The Commissioner responds that substantial evidence supports the ALJ's evaluation of Mr. Muehlendyck's alleged physical impairments during the relevant period.  (*Id.* at pp. 14–19).

At step two, the ALJ found Mr. Muehlendyck had severe impairments including mild degenerative disc disease, joint disease, and status post-lower extremity fracture with MRSA infection.   (Tr. 48).   After considering Mr.

Muehlendyck's treatment records and subjective complaints,[6] the ALJ found Mr. Muehlendyck's history of lower extremity problems, the secondary effects of uncontrolled diabetes mellitus, and the effects of arthritis and spinal conditions significantly limited Mr. Muehlendyck's ability to perform physical work activities. (Tr. 51). The ALJ then found Mr. Muehlendyck capable of no more than light exertional activity and precluded him from climbing ladders, ropes, or scaffolds and working around hazards. (Tr. 51).

Substantial evidence supports the ALJ's evaluation of Mr. Muehlendyck's impairments and his RFC assessment. For example, Mr. Muehlendyck presented for treatment in March 2016 after notes documented a history of not attending scheduled appointments. (Tr. 50, 1568, 1572, 1574, 1578, 1564, 1580–81). Mr. Muehlendyck showed no significant abnormalities, had a normal gait, and did not appear in acute distress. (Tr. 50, 1574). In August 2014, Mr. Muehlendyck missed a scheduled appointment, and reportedly was not taking his diabetes medications. (Tr. 1596). In September 2014, Mr. Muehlendyck had no complaints of pain and an physical examination was unremarkable. (Tr. 1587–89). In March 2015, Mr. Muehlendyck missed scheduled appointments. (Tr. 1580–81). In March 2016, an examination showed Mr. Muehlendyck was in no acute distress, with no abnormalities in his neck or in his gait. (Tr. 1574).

---

[6] The ALJ found Mr. Muehlendyck's allegations concerning the intensity, persistence, and limiting effects of his symptoms partially supported by the record. (Tr. 50).

On April 14, 2016, after Mr. Muehlendyck's date last insured, he reported no neck or back pain. (Tr. 1529). Mr. Muehlendyck had a normal gait and 5/5 motor strength in all extremities. (Tr. 1509–10). On April 15-19, 2016, Mr. Muehlendyck had full motor strength in all extremities. (Tr. 1440, 1454, 1465, 1476, 1494–95). On April 22, 2016, Mr. Muehlendyck had a full range of motion in all extremities, no sensory or motor deficits, and a normal gait. (Tr. 1407). On June 15 and 16, 2016, Mr. Muehlendyck had full strength in all extremities. (Tr. 1127). On June 20, 2016, Mr. Muehlendyck had a normal gait and 5/5 motor strength in all extremities. (Tr. 1082). On June 21, 2016, Mr. Muehlendyck had full strength in all extremities and no orthopedic restrictions. (Tr. 1063, 1066). In September 2016, Mr. Muehlendyck saw a pain management specialist; he displayed drug-seeking behavior and left before his examination. (Tr. 921, 925–27). In November 2016, treatment notes referenced drug-seeking behavior. (Tr. 879, 881).

In May 2016, Mr. Muehlendyck engaged in activities such as fishing, attending a festival, attending a recruitment job fair, attending a boat show, going out to eat, and attending a job orientation. (Tr. 1228, 1232, 1259, 1269, 1283–84, 1347). In addition, Mr. Muehlendyck testified he could lift "20, 30 pounds," which qualifies as light work. (Tr. 76); *see* 20 C.F.R. § 404.1567(b) (defining light work as involving lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weight up to 10 pounds).

Mr. Muehlendyck failed to prove limitations beyond those in the ALJ's RFC assessment. The ALJ adequately considered Mr. Muehlendyck's impairments and

substantial evidence supports the ALJ's RFC determination during the relevant period. The ALJ did not err.

### 3. Whether the ALJ properly found Mr. Muehlendyck could perform his past relevant work.

Mr. Muehlendyck argues the ALJ improperly found he could perform his past relevant work as a driver supervisor. (Doc. 15, pp. 19–22). Specifically, Mr. Muehlendyck states his job as driver supervisor was a composite job, including the responsibilities of a truck driver and a laborer. (*Id.*). In response, the Commissioner contends substantial evidence supports the ALJ's finding the Mr. Muehlendyck could perform his past relevant work as a driver supervisor. (*Id.* at pp. 23–25).

Step four of the sequential process requires the ALJ to assess the claimant's RFC and ability to perform past relevant work. The claimant bears the burden of demonstrating he can no longer engage in past relevant work. *See Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). A claimant can perform his past work if his RFC is sufficient to meet the demands of the relevant job. *See* 20 C.F.R. § 404.1560(b). In considering whether a claimant can return to past work, the ALJ must (1) consider all the duties of the past relevant work and (2) evaluate the claimant's ability to perform the duties considering his impairments. *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990). The claimant must show he can no longer "perform his past kind of work, not that he merely [is] unable to perform a specific job he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e) (1986)).

Under *Jackson*, when a claimant's prior job involved functional demands and duties significantly in excess of those generally required for that type of work by employers in the national economy, it is not enough for the claimant to show he cannot perform the demands and duties involved in the job.   801 F.2d at 1293. Instead, he must show he cannot perform the functional demands and job duties of the position generally required by employers nationwide.   *See id.*; SSR 82-61, 1982 WL 31387 (Jan. 1, 1982).[7]

However, "when the claimant's previous work qualifies as a composite job, the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform his previous work as actually performed." *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018).   A composite job has "significant elements of two or more occupations and, as such, [has] no counterpart in the DOT." SSR 82-61 at *2.   Past relevant work may qualify as a composite job "if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant."   Program Operations Manual System (POMS) DI 25005.020.[8]

---

[7] "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (internal citation omitted).

[8] "While the POMS does not have the force of law, it can be persuasive." *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003).

Substantial evidence supports the ALJ's evaluation of Mr. Muehlendyck's past relevant work as a driver supervisor.  To establish that his position was a composite job, Mr. Muehlendyck had to prove that his job had "significant elements of two or more occupations."  *See* SSR 82-61 (requiring that a composite job has "significant elements of two or more occupations").  Mr. Muehlendyck failed to prove that his job had "significant elements of two or more occupations," as required under SSR 82-61. *See Smith*, 743 F. App'x at 954 (rejecting claimant's argument that his job was a composite job where he failed to present evidence that his job had significant elements of two or more occupations).

The VE classified Mr. Muehlendyck's work as doing short hauls at Patco Transport as "Truck Driver," DOT #905.663-014, and his work at M&B Products as "Driver Supervisor," DOT #909.137-010.  (Tr. 88).  Mr. Muehlendyck testified he worked for Patco Transport in 2010 and described that job as a truck driving job.  (Tr. 66).  When asked about his work at M&B Products, Mr. Muehlendyck testified "[t]hat was a driving job, . . . [a]nd at that job, I was actually an assistant fleet manager for them."  (Tr. 67).  The ALJ asked the VE, "[a]nd the work he described as a fleet supervisor, how would you characterize that work?"  (Tr. 88). The VE responded, "I classified that as a driver supervisor.  DOT code 909.137-010, exertional level light, and SVP is 7."  (Tr. 88).  Mr. Muehlendyck's counsel asked, "[f]or the driver supervisor job, in classifying—well, in classifying the fleet supervisor position as a driver supervisor job and particularly, it's light load, were you taking into the account that, I believe [Mr. Muehlendyck] testified that he actually drove the trucks. Correct?"  (Tr.

12

90).   Mr. Muehlendyck stated this job sometimes involved unloading cases of beverages when substituting for absent drivers.[9]   (Tr. 90–92).   Based on that testimony, the VE classified that work as medium.  (*Id.*).  However, the VE testified the DOT classification for driver supervisor was light work, and Mr. Muehlendyck could perform the job as defined in the DOT.  (*Id.*).

The VE separately classified Mr. Muehlendyck's truck driving job at Patco Transport and his driver supervisor job at M&B, considering the delivery requirements of the latter.  (*Id.*).  In classifying the latter, the VE considered Mr. Muehlendyck's testimony that he had to handle other tasks when an employee was absent, classifying that past relevant as medium as performed.  However, the job remained light as generally performed, and Mr. Muehlendyck has not met his burden of showing he could not perform the work as generally performed.

Likewise, SVP level 7 correlates to "[o]ver 2 years up to and including 4 years." *See* DOT, App'x B, Specific Vocational Preparation.  Mr. Muehlendyck does not contend, and the record does not show, he performed the job for less than "[o]ver two years."  *See id.*  Thus, Mr. Muehlendyck's argument he did not perform the job for enough time lacks merit.

Substantial evidence supports the ALJ's finding that Mr. Muehlendyck could perform his past relevant work as a driver supervisor as it is generally performed. The ALJ did not err.

---

[9] Mr. Muehlendyck added, "Yes, there was times I—you know, I just drove the truck down to drop a trailer and come back.  So–and it wasn't always every day, throwing, because if it was, I wouldn't have been able to keep that supervisor job."  (Tr. 92).

### 4.   Whether the ALJ properly found Mr. Muehlendyck's has transferrable skills to perform work.

Mr. Muehlendyck argues the ALJ improperly found he has transferrable skills to perform work.  (Doc. 15, pp. 25–27).  Specifically, Mr. Muehlendyck states the ALJ improperly found there are jobs existing in significant numbers in the national economy that Mr. Muehlendyck could perform, and which Mr. Muehlendyck acquired transferable skills.  (*Id.*).

As discussed above, substantial evidence supports the ALJ's step-four finding that Mr. Muehlendyck could perform his past relevant work as a driver supervisor as it was generally performed.  *See* 20 C.F.R. §§ 404.1520(f), 404.1560(b)(3).  There is thus no reversible error on this issue.

## IV.   CONCLUSION

The Commissioner's decision is supported by substantial evidence.  Therefore, the undersigned recommends the Commissioner's decision be **AFFIRMED** and the Clerk be directed to close the file.

**RECOMMENDED** in Tampa, Florida on May 20, 2020.


_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

14

## <u>NOTICE TO PARTIES</u>

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.  11th Cir. R. 3-1.