UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN GUY MUEHLENDYCK,

      Plaintiff,

v.                                    Case No: 8:19-cv-1664-T-36AAS

ANDREW SAUL, Commissioner,
Social Security Administration,

      Defendant.

_____/

**<u>ORDER</u>**

This matter comes before the Court on Plaintiff Stephen Guy Muehlendyck's Complaint for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for benefits. Doc. 1. Magistrate Judge Amanda Sansone submitted a Report and Recommendation ("R&R"), recommending that the Court affirm the Commissioner's decision because substantial evidence supports the ALJ's decision. Doc. 16.  Plaintiff filed objections to the R&R (Doc. 17) (the "Objection"), contending the ALJ erred in failing to address or consider his hearing impairment, failed to properly consider Plaintiff's physical impairments, improperly considered his past work, and improperly found that Plaintiff has transferrable skills. The Commissioner did not respond to the Objection. Plaintiff requests the Court sustain his objections and decline to adopt the R&R.

After careful consideration of Plaintiff's Objection, the Report and Recommendation of the Magistrate Judge, in conjunction with an independent *de novo* review of the record, the Magistrate Judge's Report and Recommendation will be adopted, confirmed, and approved in all respects,  and the decision of the Commissioner will be affirmed.

# I.    BACKGROUND

On August 10, 2016, Plaintiff Stephen Muehlendyck filed an application for a period of disability and disability insurance benefits.  R. 183.  He alleges a disability onset date of June 1, 2014, due to "(1) Rt leg shorter (crushed in military) (2) left knee, hip, and ankle (3) pain (4) diabetes (5) loss of vision on rt eye." R. 206, 210.  The date he was last insured is March 31, 2016. R. 52. The claims were initially denied on August 17, 2016 and denied again on reconsideration on September 29, 2016.  R. 113, 119.  On June 5, 2018, Plaintiff and an impartial vocational expert ("VE") testified at a hearing before the Administrative Law Judge ("ALJ") John Dawkins.  R. 42– 69.  On August 31, 2018, the ALJ issued a written decision finding that Plaintiff has the severe impairments of mild degenerative disc and joint disease; status post lower extremity fracture with Methicillin-resistant Staphylococcus Aureus ("MRSA") infection; and diabetes mellitus. R. 48.

At the administrative hearing, Plaintiff testified he suffers from pain in his ankle, hips, knees, and lower back. R. 71. He describes the pain as "constant" and claims that walking, standing, and driving make his pain worse. R. 71–72. He testified he can walk or stand one-half hour at a time. R. 72.  Although his low back hurts when he sits, he can sit "for a pretty good while." R. 73. He has one leg shorter than the other for which he has to wear a lift, and he suffers from diabetes that causes numbness in his leg and balance problems. R. 74. He also experiences numbness in his hands when his insulin is up, which makes it difficult to grasp things. R. 75–76. He is able to lift 20 to 30 pounds without difficulty. R. 76. The Plaintiff did not testify as to any problems or difficulty working due to his hearing impairment even when specifically asked if there were any other problems the ALJ should be aware of. R. 78.[1]

---

[1] Plaintiff was again asked at the conclusion of the hearing if he had anything else to add, and he did not mention a hearing impairment or any other medical condition. R. 92.

Plaintiff has a commercial driver's license but has to recertify with the Department of Motor Vehicles because of his insulin dependency. R. 80. He has a regular driver's license and is able to drive. R. 81. Although he avoided the interstate when he drove himself to the hearing, he is capable of driving on the interstate and does not have a problem sitting in traffic. R. 81–82.

Dr. Cynthia Stephens, a VE, testified at the hearing.  The VE classified Plaintiff's past work as a commercial HVAC installer as heavy exertional and the residential HVAC service unit repairer as medium exertional work. R. 87. She also classified his work as a truck driver, heavy,[2] Dictionary of Occupations Titles ("DOT") code 905.663-014, as a medium exertional position with a Specific Vocational Preparation (SVP)[3] of 4. R. 88. The VE classified his past work as a driver supervisor, DOT code 909.137-010, as light exertional with an SVP of 7. R. 88. Upon questioning by defense counsel, the VE clarified that the driver supervisor position could be performed as classified by the DOT, not as actually performed.[4] R. 91–92. As performed, she would classify the work as medium exertional. R. 91.

In response to a hypothetical question that assumes an individual of plaintiff's age, education and past work experience who is limited to medium exertional work, but cannot climb ladders, ropes, or scaffolds and cannot work around irritants or hazards such as machinery or unprotected heights, the VE testified the individual could perform the positions of driver supervisor and truck driver.  R. 88. Based on the same hypothetical, the VE identified a number of positions available in the national economy that the hypothetical individual can do. R. 89.

---

[2] In this context, "heavy" refers to the type of truck he drove, not the exertional level of the position.

[3] "SVP" is defined as the amount of time required by a typical worker to learn techniques, acquire information, and develop the facility needed for average performance in a specific job-worker situation. *Specific Vocational Preparation*, Dictionary of Occupational Titles, Appendix C, 1991 WL 688702.

[4] Plaintiff testified that when he was performing the driver supervisor job, he occasionally had to drive routes, including unloading, if a driver was absent. R. 90

In a second hypothetical, the VE was asked to assume the same criteria except the individual is limited to light exertional work. R. 89. In response, the VE testified the hypothetical individual could perform work as a driver supervisor as classified by the DOT. R. 89, 91. She further testified that the work has transferrable skills to other work in the economy that would fit the hypothetical, including jobs as a gate guard, process server, and central supply worker. R. 89. If the hypothetical individual could only occasionally use upper extremities for grasping, fingering or feeling, the past work of driver supervisor would be eliminated and there would be no transferrable skills that would fit the hypothetical. R. 90.  The VE testified her testimony was consistent with the DOT. R. 90.

In his decision, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform "light work[5] as defined in 20 CFR [§] 404.1567(b), except he could not climb ladders, ropes, or scaffolds, nor work around hazards." R. 49. The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence of record. R. 50.  The ALJ utilized VE testimony at steps four and five.  R. 51–52. The ALJ found that Plaintiff was capable of performing past relevant work as a Driver Supervisor/Fleet Supervisor. R. 51.  The ALJ made an alternative step-five finding that there are other jobs existing in the national economy that Plaintiff could perform considering Plaintiff's age, education, work experience, and RFC, in conjunction with the Medical-Vocational Guidelines. R. 51–52.  Based on these findings, the ALJ found Plaintiff was

---

[5] Light work is defined as "work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  A job in this category may require a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, the claimant must have the ability to do substantially all of these activities."  20 C.F.R. § 404.1567(b).

not disabled. R. 52.  On May 29, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final.  R. 1–6.

Plaintiff sought review of the Commissioner's final decision. Doc. 1.  The parties submitted a Joint Memorandum.  Doc. 15.  On May 20, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the Commissioner's decision be affirmed as the ALJ's decision was supported by substantial evidence. Doc. 16. Plaintiff objects to the R&R. (Doc. 17).

## II.    LEGAL STANDARD

### A.    Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge.  The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).  The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation. Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*

### B.    Review of the Commissioner's Decision

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.* (internal quotation marks omitted).  Where the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary

result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it.").  The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner]."  *Id.*

## C.    An ALJ's Five-Step Disability Analysis

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  *See* 20 C.F.R. § 416.920(a)(4).  The Eleventh Circuit has explained this process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity.  At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.  At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience.  If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work.  At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step.  *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x. 135, 136-37 (11th Cir. 2009).  If it is determined at any step in the analysis that the claimant is disabled or not disabled, the evaluation does not proceed.  See 20 C.F.R. § 416.920(a)(4).

## III.    DISCUSSION

### A.    No Error in Failing to Consider Hearing Impairment

Plaintiff argues that the ALJ was obligated to consider and discuss the opinions of audiologist Kimberly Miller, Au.D., who offered several opinions related to Plaintiff's hearing impairment. The Magistrate Judge found the ALJ did not err.  Plaintiff's contention that the R&R incorrectly found no error is unavailing. As the Magistrate Judge accurately notes, Plaintiff did not allege any hearing impairments when he filed his application for disability benefits or at the hearing before the ALJ. *See generally* R. 56–94; 210.  Despite being asked multiple times if he had any other problems or information that he wanted the ALJ to consider, neither the Plaintiff nor his counsel raised his hearing impairment as a basis for his claim for benefits.

In his application, Plaintiff identifies the following physical and mental conditions that limit his ability to work: "Rt leg shorter (crushed in military); left knee, hip and ankle; pain; diabetes; and loss of vision on rt eye." R. 210. Plaintiff makes no mention of a hearing impairment. Accordingly, the ALJ was not required to consider or discuss in the decision any hearing impairment or medical opinions and records related to same. *See Duffy v. Comm'r of Soc. Sec.*, 736 F. App'x 834, 837 (11th Cir. 2018) (finding ALJ had no duty to consider an impairment that the plaintiff did not allege in her application for benefits or at the hearing); *Sullivan v. Comm'r of Soc. Sec.*, 694 F. App'x 670, 671 (11th Cir. 2017) (no error in ALJ's failure to consider two doctors' reports addressing conditions not alleged in the application for benefits or raised at the hearing before the ALJ); *Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010) (ALJ had no duty to consider plaintiff's CFS diagnosis where plaintiff, who was represented, did not allege that she was disabled due to CFS either when she filed her claim or at her May 2006 hearing). Neither Plaintiff nor his counsel alleged his disability was due to a hearing impairment. The Court, therefore, rejects Plaintiff's argument that the ALJ had an obligation to evaluate his hearing impairment.

**B.      No Error in Assessing Plaintiff's Cervical, Lumbar, and Knee Impairments**

The Magistrate Judge concluded that the ALJ adequately considered Plaintiff's physical impairments during the relevant time period and that substantial evidence supports the ALJ's RFC determination. Plaintiff objects to this conclusion, arguing that the ALJ's reference to "mild disc or joint-related impairment" referred to his left shoulder problem and claims the ALJ wholly ignored his cervical spine impairment and left knee problems, which were moderate, not mild. Plaintiff asserts the Magistrate Judge's *post hoc* rationalization of the ALJ's failure to consider this evidence must be rejected.  He similarly claims error in the Magistrate Judge's reliance on his activities of daily living, fishing, attending a job fair, and going out to eat as indicative of his ability to engage in full-time work.

Plaintiff contends objective imaging supports that he has moderate or severe problems with the lumbar and cervical spine and his knee, but the ALJ only characterized his impairments as "mild degenerative disc and joint disease" which he claims referred only to his shoulder injury. To the extent that Plaintiff claims error in the ALJ's step two finding, the argument is unavailing. At step two, the ALJ found that Plaintiff suffered from the severe impairments of mild degenerative disc and joint disease; status post lower extremity fracture with MRSA infection; and diabetes mellitus, and then the ALJ moved on to step three. R. 48.  The finding of any severe impairment, whether it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy step two. *Jamison v. Bowen*, 814 F.2d at 585, 588 (11th Cir. 1987); *see Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013) (per curiam) ("[T]he ALJ determined at step two that at least one severe impairment existed; the threshold inquiry at step two therefore was satisfied.").

As for Plaintiff's argument that the Magistrate Judge engaged in *post hoc* rationalization, a review of the ALJ's decision reveals that the ALJ considered the medical records from the relevant time frame. R. 50. The ALJ notes "[e]xamination findings contained no significant abnormalities and specifically included normal gait." *Id.* The Magistrate Judge noted a history of Plaintiff missing scheduled appointments. Doc. 16 at 8. The ALJ similarly discussed that while Plaintiff claimed significant limitations as of June 1, 2014, Plaintiff's VA records document "close to no treatment being sought at that time." R. 50 (citing exhibits 1F, 2F); *see* R. 252–350, 351–451 *see, e.g., Sheldon v. Astrue*, 268 F. App'x 871, 872 (11th Cir. 2008) (claimant's failure to seek medical treatment is relevant in assessing credibility); *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (entirely conservative treatment undermined claim of disability). The ALJ further notes that Plaintiff finally presented for medical care in March 2016, after many missed appointments and reportedly not taking medication for some time. R. 50. Examination findings at the time only included some edema and decreased sensation. *Id.* "The [Plaintiff] was still noted to have a normal gait with no assistive device and described as in no acute distress." *Id.* Of significance, Plaintiff fails to demonstrate how his physical impairments preclude work or are more limiting than the ALJ has already accounted for in his RFC assessment.

Plaintiff is critical of the Magistrate Judge's references to his daily activities which he claims are not indicative of whether he can work.  As noted by the Magistrate Judge, Plaintiff testified that he can lift 20 to 30 pounds, *see* R. 76, which qualifies as "light work." *See* 20 C.F.R. § 404.1567(b). Moreover, although not dispositive, a claimant's activities may show that the plaintiff's pain and other symptoms are not as limiting as alleged. 20 C.F.R. § 404.1520(e); SSR 16-3p; *Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005).

Plaintiff bears the burden of proving he is disabled. *Doughty,* 245 F.3d at 1278. The court cannot make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision, and a reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citation omitted). On the record before the Court, the ALJ's decision is supported by substantial evidence and is due to be affirmed.

### C.   ALJ Properly Found Plaintiff Could Perform Past Relevant Work

Plaintiff argues on appeal that the ALJ erred at step four in finding that he could perform past relevant work as a driver supervisor.  Plaintiff submits the ALJ was obligated to analyze the position as a "composite job," which the Social Security Administration ("SSA") defines as a position "that has 'significant elements of two or more occupations and, as such, [has] no counterpart in the DOT.'"  *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018) (quoting SSR 82-61 at *2).  He contends that the driver supervisor job as he performed it included duties required of a truck driver and laborer, positions which are medium and heavy exertional, and thus it is inconsistent with his RFC for light exertional work. This contention is unavailing.  In this Circuit, a plaintiff must show an inability to return to the previous type of work he performed, not that he is unable to do a specific prior job. *Jackson v. Bowen*, 801 F.2d 1292, 1293–94 (11th Cir. 1986).  Here, the VE testified that Plaintiff was capable of performing the job of driver supervisor as the position is generally performed in the national economy.  "[A] claimant will be found to be 'not disabled' when it is determined that he or she retains the RFC to perform: 1. The actual functional demands and job duties of a particular past relevant job; *or* 2. The functional demands and job duties of the occupation *as generally required by employers* throughout the national economy." SSR 82-61 (S.S.A. 1982) (emphasis added).  Thus, the driver supervisor job,

which is light exertional, as generally performed, is consistent with the ALJ's finding that Plaintiff is capable of light exertional work.

Plaintiff additionally argues that the driver supervisor position cannot be considered past relevant work. "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1) (citing § 404.1565(a).) Because the driver supervisor position has an SVP of 7, Plaintiff claims he may not have worked at the position long enough for it to constitute past relevant work. An SVP of 7 equates to "Over 2 years up to and including 4 years." *Specific Vocational Preparation*, Dictionary of Occupational Titles, Appendix C, 1991 WL 688702. As the Magistrate Judge accurately points out, Plaintiff does not contend, and the record does not show, he performed the job for less than "[o]ver 2 years." In fact, the record indicates he worked off and on for a period of five years at M & B Products as an assistant fleet manager and then fleet supervisor. R. 67–68, 194–95. Thus, Plaintiff's argument that he was not in the position long enough for the job to be considered past relevant work is without merit.

The VE testified that a hypothetical individual of plaintiff's age, education and past work experience who is limited to light exertional work but cannot climb ladders, ropes, or scaffolds and cannot work around irritants or hazards such as machinery or unprotected heights is capable of performing the driver supervisor job as generally performed. Substantial evidence supports the ALJ's step four finding that Plaintiff was capable of performing his past relevant work, and the decision is due to be affirmed on this issue.

**D.    Step Five**

On the final issue, Plaintiff argues the ALJ erred in finding at step five that Plaintiff had transferrable skills to perform other work given his age. The Court agrees with the Magistrate

Judge's conclusion that no reversible error exists on this issue because substantial evidence supported the ALJ's step-four finding that Plaintiff could perform his past relevant work as a driver supervisor as generally performed.

## IV.   CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent *de novo* examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED AND ADJUDGED**:

1.      The Plaintiff's Objection to the United States Magistrate Judge's Report and Recommendation (Doc. 17) is **overruled**.

2.      The Report and Recommendation of the Magistrate Judge (Doc. 16) is **adopted, confirmed, and approved** in all respects and is made a part of this Order for all purposes, including appellate review.

3.      The decision of the Commissioner of Social Security is **affirmed**.

4.      The Clerk is directed to enter judgment in favor of the Commissioner and, thereafter, to **close** this case.

**DONE AND ORDERED** in Tampa, Florida on September 21, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

12